# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*12:41 pm, Jan 07, 2025*
**JEFFREY P. COLWELL, CLERK**

Civil Action No. _____

(To be supplied by the court)

 Sarah Nathreen Nakanwagi _____ , Plaintiff

v.

**Jury Trial requested:**
**(please check one)**
✓ **No**

 Denver Housing Authority _____ , Defendant,

 Holland Residential ,LLC _____ , Nominal party

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

 Sarah Nathreen Nakanwagi, 18300 E 51st Avenue Unit 310, Denver, CO 80249 _____

(Name and complete mailing address)

720-402-9648, sarahnathreen@gmail.com
(Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:    Denver Housing Authority, c/o Joshua Crawley, Chief Operating Officer &

General Counsel, 1035 Osage Street, Denver, Colorado, 80204
(Name and complete mailing address)

Tel: 720-932-3048; Email: micol@denverhousing.oorg
(Telephone number and e-mail address if known)

Defendant 2:      Holland Residential, LLC, c/o Registered Agent Solutions, Inc., Cogency

Global Inc., 600 17th St. Ste. 14505, Denver, CO 80202
(Name and complete mailing address)

Tel:800-928-4693
(Telephone number and e-mail address if known)

Role: Holland Residential, LLC, (herein after "Sabine Apartments") is included as a nominal

party to ensure comprehensive relief can be granted in this matter. Their inclusion ensures the

effective administration of any injunctive relief related to rent payments under the Section 8

Housing Choice Voucher Program. Plaintiff emphasizes that no claims are being asserted against

Sabine Apartments. Throughout her tenancy, the landlord has consistently treated Plaintiff with

dignity, making Sarah feel welcome from the very beginning when she called inquire about

apartment availability. Their professionalism and compassion are noteworthy, and their inclusion

in this case is purely procedural to enable the Court to grant equitable and meaningful relief.

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

✓    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution,

2

laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Title VI of the 1964 Civil Rights Act, the Fair Housing Act, the Fourteenth Amendment,

Section 1981, Section 1982, Spending Clause, Equal Protection Clause, Due Process

Clause

✓   Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims for:

breach of contract, fraudulent inducement, and intentional and negligent infliction of emotional

distress .

____   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of __Colorado__.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation, Denver Housing Authority

Defendant 1 is incorporated under the laws of __Colorado__ (name of state or foreign nation).

Defendant 1 has its principal place of business in __Colorado__ (name of state or foreign nation).

If Defendant 2 is a corporation, Holland Residential, LLC

Defendant 2 is incorporated under the laws of __Delaware__ (name of state or foreign nation).

Defendant 2 has its principal place of business in __Colorado__

3

(name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant*.)

D. Nature of the Case: This is a civil action brought by Plaintiff against the Denver Housing Authority ("DHA") for:

    i)   Breach of contract;

    ii)   Fraudulent inducement;

    iii)   Violations of the Fair Housing Act ("FHA");

    iv)   Violation of Title VI of the 1964 civil rights Act.

    v)   Violations of the Fourteenth Amendment's Procedural Due Process and Equal Protection Clauses;

    vi)   Violations of the Spending Clause;

    vii)   Intentional and negligent infliction of emotional distress;

    viii)   Violations of Section 1981 and Section 1982 of the Civil Rights Act.

  **E.**     **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

**1)**  Role of Sabine Apartments as a Nominal Party:

i)     Sabine Apartments is included solely as a nominal party to ensure comprehensive relief. Their role in this litigation is to provide procedural clarity and support for the administration of any court orders involving Plaintiff's tenancy. Plaintiff reiterates

that no claims are directed against Sabine Apartments, as they have consistently acted in a professional and compassionate manner throughout her tenancy. Their inclusion is procedural, allowing the Court to ensure the equitable resolution of the issues related to rent payments and housing stability.

ii)     DHA induced Plaintiff to move to Denver, Colorado, by misrepresenting its ability to manage Plaintiff's Section 8 voucher and fulfill its obligations to pay rent on Plaintiff's behalf. DHA's failure to pay the landlord has resulted in eviction proceedings, severe emotional distress, and the imminent threat of homelessness. The extent of the damage caused by DHA's actions extends beyond mere contractual failings, encompassing significant violations of Plaintiff's constitutional and civil rights as detailed herein. Furthermore, the broader context of DHA's discriminatory conduct highlights systemic issues in the administration of housing programs, disproportionately harming vulnerable individuals like Plaintiff who belong to protected classes.

**2)** Denver Housing Authority:

i)     Claim One: Breach of Contract
       Supporting Facts:

1. Defendant DHA entered into an agreement with Plaintiff to manage her Section 8 voucher and make timely rent payments to her landlord, Sabine Apartments.

2. Exhibit 1 is a March 8th 2024 email form Denver Housing Authority staff Edithsenia Garcia, where Denver Housing Authority confirmed porting-in of my Section 8 from Flagstaff (Arizona) to Denver (Colorado), where it would take over administration of my Section 8 for a suitable apartment in Denver.



3.  DHA approved a reduced rental rate of $1,835 per month for an 18-month lease, which
    was within the voucher's "Estimated Contract Rent Amount" of $1,854.

4.  Exhibit 2 is screenshot of a May 20th 2024 email to me from landlord Sabine Apartments.
    In it, Sabine Property Manager Megan Hayes disclosed to me its negotiations with Denver
    Housing Authority, which vowed to pay the lower $1,835 monthly rent for a longer period
    of 18 months in contrast to the usual 12 month lease period I had expected. Megan's email
    further highlighted Denver Housing Authority's awareness of its obligation to pay my
    Sabine Apartment's Section 8 rent, stating that "DHA is stating that they cannot approve
    the $1849 rental rate, but can do a maximum of $1835.



5.  Exhibit 3 is a screenshot of my Section 8 "estimated Contract Rent Amount" of $1,854,

6

yet Denver Housing Authority failed to pay my landlord the $1835 monthly rent, causing to me to face impending homelessness due to the eviction proceedings from landlord Sabine Apartments.

**Participant Name:** Sarah Nkanwagi

*The Estimated Contract Rent Amount is: **$1,854** (Do Not Exceed)

## HOW WE CALCULATE YOUR "ESTIMATED" PORTION OF RENT

Standard calculations shown below**. To customize:

Choose the Payment Standard for the lower of your Voucher or Unit chosen and place in calculation

Add the utilities for the unit chosen and place in calculations

| BEDROOM SIZE | 0 | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|---|
| PAYMENT STANDARD | 1824 | 2019 | 2421 | 3161 | 3548 | 4080 | 4612 |
| ESTIMATED UTILITIES | 151 | 186 | 232 | 286 | 339 | 405 | 453 |

Tenant's 30% Income    [ $50 ]        Tenant's 40% Income    [ $0 ]

Total Tenant Payment (TTP)

## **Estimated Calculation Worksheet

Voucher Size [ 1 ]    Payment Standard [ 2019 ]    Estimated Utilities [ 165 ]

Exception VPS? [ No ]    ExceptionVPS [ ]

Payment Standard [ ]        40% income [ ]
(-) 30% income [ ]        (-) Utilities [ ]
(=)HAP Portion [ ]        (=)Tenant portion [ ]

HAP Portion [ ]
(+) Tenant Portion [ ]
(=) Contract Rent [ ]        (Estimated Contract Rent)

### ZERO INCOME OR LOW INCOME (40% is lower than estimated utilities)

| Payment Standard | 2019 |
|---|---|
| (-) Utilities | 165 |
| (=) Contract Rent | 1854 |

THESE CALCULATIONS DO NOT APPLY IF:

    YOU RENT A UNIT WITH MORE OR LESS BEDROOMS THAN YOUR VOUCHER SIZE

    (You must enter the correct payment standard based on instructions above)

OR    YOUR INCOME OR HOUSEHOLD COMPOSITION HAS CHANGED

    (You must request an Interim to change your household information)

*This amount is based on your voucher bedroom size and income you have reported to our office

6. Despite this agreement, DHA failed to pay the rent on behalf of Plaintiff, resulting in the issuance of an eviction notice on December 13, 2024.

7. Exhibit 4 is a screenshot of the eviction notice dated December 13th 2024 that landlord

Sabine Apartments issued me on December 14th 2024.



8. DHA's failure to meet its obligations constitutes a breach of contract and has caused Plaintiff financial harm, emotional distress, and the imminent threat of homelessness. DHA's refusal to engage or respond to Plaintiff's attempts to resolve these issues demonstrates a complete disregard for its contractual responsibilities, leaving Plaintiff in an untenable situation where she was forced to navigate eviction proceedings.

9. The harm inflicted by DHA's breach of contract extends beyond monetary damages, as it has destabilized Plaintiff's living situation and caused severe emotional and psychological distress.

ii)    Claim Two: Fraudulent Inducement

Supporting Facts:

1. Defendant DHA assured Plaintiff that it would manage her Section 8 voucher and make timely rent payments to her landlord.

2. Relying on these assurances, Plaintiff ported her Section 8 voucher from Flagstaff, Arizona, to Denver, Colorado, and moved into the apartment in question on May 31, 2024 when my lease started.

3. DHA's failure to fulfill these assurances demonstrates that its representations were false and intended to induce Plaintiff into relocating to Denver. DHA's actions constitute fraudulent misrepresentation and inducement.

4. Plaintiff would not have moved to Denver had she known DHA would fail to fulfill its obligations, causing her severe financial and emotional harm, including eviction proceedings and homelessness.

5. DHA's false assurances and subsequent neglect highlight a pattern of misleading conduct designed to entice vulnerable individuals like Plaintiff into untenable living arrangements, only to abandon their obligations when it matters most.

iii)    Claim Three: Violation of the Fair Housing Act (FHA)
        Supporting Facts:

1. Plaintiff is a Black female with documented disabilities, protected under the FHA.

2. DHA's failure to make timely rent payments disproportionately impacts individuals like Plaintiff, creating discriminatory effects in violation of the FHA.

3. Statistical evidence shows that Black women are disproportionately affected by eviction and housing instability, and DHA's conduct exemplifies these patterns by denying Plaintiff stable housing.

4. The FHA prohibits actions that have a disparate impact on protected classes, and DHA's conduct has deprived Plaintiff of housing stability, undermining her right to fair housing.

5. DHA's actions reflect systemic bias and discriminatory administration of housing programs, further marginalizing already vulnerable populations and perpetuating cycles of inequity and instability for protected groups.

iv)    Claim Four: Violation of Procedural Due Process (Fourteenth Amendment)
        Supporting Facts:

1. Plaintiff has a property interest in stable housing, which is protected under the Fourteenth Amendment.

2. DHA's failure to administer its Section 8 obligations has resulted in eviction proceedings against Plaintiff without adequate process or notice.

3. Despite Plaintiff's repeated attempts to contact DHA's staff via email and phone to resolve the payment issues—including communications on December 14, 2024—DHA failed to respond or provide any justification for its actions.

4. Exhibit 5 is a screenshot of the email I sent Denver Housing Authority staff Edithsenia Garcia on December 14th 2024, in panic and experiencing a lot of anxiety. I informed Edithsenia about the eviction notice landlord Sabine Apartments had just issued me, which had at least $10,000 accumulated $1835 unpaid monthly rent bill. I asked Edithsenia what was going on, and since when did Section 8 stop paying my rent from time I ported-into Denver (Colorado) from Flagstaff (Arizona)? Denver Housing Authority ghosted me.



Sarah Nathreen Nakanwagi <sarahnathreen@gmail.com>
to Alec, RFTA, DHAPorts, Edithsenia ▾

Dec 14, 2024, 6:03 PM

Hello Edithsenia Garcia,

Today (12/14/2024), I received an eviction notice from Sabine with a bill of at least $10,000 yet my section 8 monthly rent was $1835. For your reference, the eviction notice exhibit has been attached for your reference. What is going on?

Since when did Section 8 abruptly stop covering my rent from the time I ported from Flagstaff (Arizona) into my Sabine apartments (address 18300 E 51st Avenue, Unit 310, Denver, Colorado 80249) on May 31st 2024. Sabine apartments' landlord told me that if the rent is not paid within 30 days, they will be taking me to court and evicting me by January 14th 2025. I am in great panic.

I was planning on leaving Denver (Colorado) at the conclusion of my current lease in May 2025.
Please respond at your earliest opportunity. I can be reached on this temporary number (303-589-3322).

Sincerely,

Sarah Nathreen Nakanwagi

5. DHA's inaction deprived Plaintiff of the opportunity to contest or address the termination of her benefits, violating her due process rights and exacerbating the risk of homelessness.

6. The lack of procedural safeguards underscores DHA's indifference to the basic rights of individuals like Plaintiff, whose reliance on public housing assistance places them in an inherently vulnerable position.

v)    Claim Five: Violation of the Equal Protection Clause (Fourteenth Amendment)
        Supporting Facts:

1. Plaintiff, a Black female with disabilities and a naturalized American citizen of Ugandan national origin, belongs to multiple protected classes under the Equal Protection Clause.

2. DHA's conduct disproportionately harms individuals in Plaintiff's protected class, creating discriminatory effects.

3. National statistics show that Black women, especially those with disabilities, face higher rates of housing instability and eviction compared to other groups.

4. DHA's failure to equitably administer the Section 8 program and its neglect of Plaintiff's needs exemplify this discriminatory impact, violating the Equal Protection Clause.

5. By perpetuating systemic inequities through discriminatory practices, DHA has failed to uphold its duty to provide fair and equitable housing assistance, thereby undermining the fundamental principles of equality enshrined in the Fourteenth Amendment.

10

vi)   Claim Six: Violation of the Spending Clause

Supporting Facts:

1. DHA's Section 8 program is federally funded and subject to the requirements of the Spending Clause.

2. DHA's failure to administer these funds as intended undermines the program's purpose and causes harm to individuals like Plaintiff who rely on this assistance.

3. DHA's inaction breaches the conditions of federal funding, which require fair and effective administration to prevent harm to program beneficiaries, and violates the intended purpose of these funds.

4. By failing to meet its obligations, DHA has not only jeopardized Plaintiff's housing stability but also mismanaged taxpayer-funded resources that were meant to serve the public good.

5. This mismanagement highlights systemic issues within DHA's operations that undermine the goals of federal housing initiatives, causing disproportionate harm to protected groups.

vii)  Claim Seven: Intentional or Negligent Infliction of Emotional Distress

Supporting Facts:

1. DHA's actions have caused Plaintiff severe emotional distress, including heightened anxiety, depression, and exacerbation of PTSD symptoms.

2. Plaintiff's December 14, 2024, email detailing her eviction notice and seeking urgent resolution received no response from DHA, leaving her in a state of uncertainty and fear.

3. DHA's failure to fulfill its obligations demonstrates intentional disregard for Plaintiff's well-being and gross negligence.

4. Plaintiff's mental health has significantly deteriorated as a direct result of DHA's conduct, compounding the harm caused by their inaction.

5. The emotional toll of DHA's negligence underscores the broader human impact of systemic failures in housing program administration, further amplifying the need for judicial intervention.

viii) Claim Eight: Violation of Section 1981 (Equal Rights Under the Law)

Supporting Facts:

1. Section 1981 guarantees all individuals within the United States the right to make and enforce contracts and to enjoy the full benefits of their contractual relationships without

11

racial discrimination.

2. Plaintiff, as a Black female with a Section 8 voucher, entered into a contractual relationship with DHA, which included the management of her voucher and the payment of rent on her behalf to the landlord, Sabine Apartments.

3. DHA failed to fulfill its contractual obligations, which disproportionately affected Plaintiff as a member of a protected racial class. Statistical evidence shows that Black women are disproportionately affected by housing instability, and DHA's actions perpetuated this inequity.

4. By failing to administer the Section 8 program equitably, DHA denied Plaintiff her right to the full and equal benefits of her housing contract, in violation of Section 1981.

5. DHA's discriminatory practices represent a broader pattern of neglect and bias within public housing administration, necessitating urgent judicial intervention.

ix)    Claim Nine: Violation of Section 1982 (Property Rights of Citizens)
       Supporting Facts:

1. Section 1982 guarantees all U.S. citizens the same rights to lease, hold, and enjoy property, regardless of race.

2. Plaintiff's lease agreement for the apartment at Sabine Apartments constitutes a protected property interest under Section 1982.

3. DHA's failure to process voucher payments and fulfill its obligations under the Section 8 program directly undermined Plaintiff's ability to retain and enjoy her property rights.

4. DHA's conduct reflects systemic issues that disproportionately harm Black individuals, including Plaintiff, who faces an imminent eviction due to DHA's discriminatory neglect. This constitutes a violation of Section 1982.

5. The erosion of Plaintiff's property rights as a result of DHA's actions underscores the broader impact of systemic bias within housing program administration, highlighting the urgent need for redress.

x)    Statement of Claims: Claim Ten: Violation of Title VI of the Civil Rights Act of 1964
       Supporting Facts:

1. Title VI of the Civil Rights Act of 1964 prohibits discrimination on the grounds of

race, color, or national origin in any program or activity receiving federal financial assistance. DHA is a federally funded entity subject to Title VI of 1964 the civil rights Act Hereafter "Title VI").

2. Exhibit 6 is a screenshot evidence that Denver Housing Authority is a federal funding recipient.



(https://www.usaspending.gov/search/?hash=0d553d3e00dc19838da1eaf0004199d 2)

3. Plaintiff is a Black female of Ugandan national origin, a protected class under Title VI, and a participant in DHA's federally funded Section 8 program.

4. DHA's actions effectively excluded Plaintiff from participation in the Section 8 program by failing to fulfill its obligations to make timely rent payments, resulting in eviction proceedings against Plaintiff.

5. DHA's failure to pay the agreed-upon rent also denied Plaintiff the benefits of the Section 8 program, which is designed to ensure affordable housing for eligible participants.

6. Statistical evidence shows that Black women disproportionately face barriers in

accessing and maintaining stable housing under federally funded programs. DHA's conduct exemplifies this systemic inequity by subjecting Plaintiff to discriminatory treatment and preventing her from enjoying the program's intended benefits.

7.  DHA's discriminatory actions violated Plaintiff's rights under Title VI by denying her participation, enjoyment of federally funded program and benefits based on her race, color, and national origin.

## E.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

Plaintiff respectfully requests that this Court:

i)   Issue an emergency injunction halting Plaintiff's eviction proceedings while this case is resolved and ensuring that Plaintiff retains stable housing during the litigation.

ii)  Issue an injunction requiring DHA to immediately remit payment to Plaintiff's landlord for all past-due rent including related accumulated interest landlord Sabine Apartments has charged, and ensure compliance with the Section 8 program's requirements.

iii) Award damages for breach of contract, fraudulent inducement, and emotional distress.

iv) Award attorney's fees and costs accordingly.

v)  Respectfully submitted,

Sarah Nathreen Nakanwagi
Pro Se Plaintiff

14

## F.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

s/[Sarah Nathreen Nakanwagi]

(Plaintiff's signature)

1/7/2025

(Date)

(Revised February 2022)

15